IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK MANDERSCHEID | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-2180 |
| | § | |
| SMITH PUMP COMPANY, INC | § | |
| Defendant. | § | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff MARK MANDERSCHEID ("Plaintiff" or "MANDERSCHEID"), and complains of SMITH PUMP COMPANY, INC ("Defendant" or "SMITH"), and for his cause of action would show the Court as follows:

INTRODUCTION

1. This action seeks equitable relief, actual, compensatory, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623(a), and the Texas Commission on Human Rights Act ("TCHRA").

2. Plaintiff demands a jury on all issues triable to a jury.

PARTIES

3. Plaintiff MARK MANDERSCHEID is a resident of Harris County, Texas.

4. Defendant SMITH PUMP COMPANY, INC. is a corporation duly formed and operated under the laws of the State of Texas. It may be served with process through its registered agent for service L. Granger Smith, 301 M&B Industrial, Waco, Texas 76712.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was

done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

7. The Court has personal jurisdiction over Defendant since Defendant operates a principle business in the State of Texas, regularly conducts business in the State of Texas, and has the necessary minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. This Court has jurisdiction over all claims in this matter.

## PROCEDURAL REQUISITES

11. On or about September 29, 2016, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

12. On or after April 28, 2017, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court.

13. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

14. All conditions precedent to filing this cause of action have been met.

FACTS

15.     Plaintiff was hired by Smith in October 2013 as a bench mechanic at Smith's Houston location. Plaintiff was promoted to shop foreman after ninety days and held that position until his termination on or about June 1, 2016. During Plaintiff's employment he received favorable reviews and never received any written reprimands or other disciplinary actions. Plaintiff did well at the company and was very good at his job.

16.     In December 2015 the manager, Steve Cambiano, hired his son, Paul Cambiano, who was approximately 20-years old, to work in the shop.  Prior to that time Steve Cambiano had been mildly hostile toward Plaintiff, but after Cambiano hired his son the atmosphere became openly hostile and demeaning. Cambiano and his son would refer to Plaintiff as "the old man" when they knew Plaintiff was in hearing range. They made comments about not wanting to go into the field with "the old man", and similar comments. Steve Cambiano began giving Plaintiff increasingly menial tasks and demeaning assignments, and began shifting Plaintiff's more managerial tasks to Paul Cambiano, who had no experience in the job. Steve Cambiano began fabricating complaints regarding Plaintiffs work.

17.     On June 1, 2016, Plaintiff approached Steve Cambiano to complain about Cambiano and his son smoking in the shop. Steve Cambiano suddenly told Plaintiff he was fired. There was no warning whatsoever preceding the termination. The termination paperwork stated that Manderscheid's actions at work were "ill conceived." There was no documentation of any performance issues nor was Plaintiff informed of any performance issues. The reason given for the termination, to the extent it qualified as a reason, was pretext.

18.     After terminating Plaintiff, Steve Cambiano forced Plaintiff to be driven home by Cambiano's son. On the drive Paul Cambiano became increasingly verbally abusive and became

angry with Plaintiff. Plaintiff became concerned for his safety as a result of Paul Cambiano's increasingly erratic and agitated demeanor. Paul Cambiano turned the vehicle around and began driving Plaintiff back to the work location against Plaintiff's will. Plaintiff repeatedly asked Cambiano to pull over and let him out of the car. Cambiano refused to do so. Finally, at a red light Plaintiff opened the door and got out. He was forced to call his wife and wait on the side of the road for her to pick him up.

19. Plaintiff was over forty years old and his age was raised as an issue on multiple occasions by Cambiano and his son. Plaintiff was subjected to humiliating comments and behavior contemporaneously with the conduct. His job duties were shifted to the newer, younger employee with fewer or no qualifications. Defendant's actions against Plaintiff, up to and culminating in Plaintiff's termination, were motivated by age discrimination.

FIRST CAUSE OF ACTION -

Age Discrimination

20 Plaintiff reasserts and incorporates by reference herein all the facts and allegations set forth above.

21. Defendant is an employer as defined in 29 U.S.C. §630 and Tex. Lab. Code 21.002.

22. Plaintiff was over the age of 40. At the time of his termination he was 57 years of age. At all relevant times Plaintiff was qualified for the position he held.

23. Defendant subjected Plaintiff to an adverse employment action, namely, harassment and termination. Defendant subjected Plaintiff to comments indicating a discriminatory attitude toward less favorably than it did employees outside Plaintiff's class. Defendant unlawfully discriminated against Plaintiff on the basis of age in violation of 29 U.S.C. 623 and Tex. Lab. Code §21.051.

## DAMAGES

24. As a result of Defendant's unlawful acts Plaintiff has suffered and continues to suffer damages in the form of lost wages and benefits in the past and in the future, as well as for mental anguish, inconvenience, loss of enjoyment of life, and related damages.

## EXEMPLARY AND LIQUIDATED DAMAGES

25. Defendant's acts of discrimination were willful, and Plaintiff is entitled to liquidated damages.

## ATTORNEYS' FEES

25. Plaintiff is entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes

## JURY DEMAND

26. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## RELIEF REQUESTED

27. Plaintiff prays for the following relief:

   a. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

   b. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

   c. For attorneys' fees;

   d. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   e. For pre-judgment and post-judgment interest as allowed by law;

   f. For costs of court, costs of prosecuting Plaintiff's claim; and

   g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Jakki A. Hansen*
Jakki A. Hansen
Attorney-in-Charge
State Bar No. 24000886
SD TX No. 32213
THE HANSEN LAW FIRM, P.C.
10190 Katy Freeway, Ste 440
Houston, Texas 77043
Telephone: (281) 888-4364
Facsimile: (888) 492-9819
*jhansen@hansenlawfirmpc.com*

ATTORNEY FOR
PLAINTIFF MARK MANDERSCHEID